# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DUANE & VIRGINIA LANIER TRUST, individually and on behalf of all others similarly situated, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. MC-18-7-G ) |
| SANDRIDGE MISSISSIPPIAN TRUST I et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter came on for hearing on the Motion to Compel Compliance with Subpoenas (Doc. No. 5) filed by Lead Plaintiffs Duane & Virginia Lanier Trust, Ivan Nibur, Jase Luna, Matthew Willenbucher, and Deborah Rath and the Cross-Motion for Entry of Protective Order (Doc. No. 19) filed by non-parties Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill Lynch"), Morgan Stanley & Co. LLC ("Morgan Stanley"), Raymond James & Associates, Inc. ("Raymond James"), and RBC Capital Markets, LLC ("RBC"). Upon review of the record and after consideration of the information and argument presented by counsel, the Court memorializes its rulings made at the hearing and ORDERS as follows with regard to the subpoenas duces tecum served on April 21, 2018, in *Duane & Virginia Lanier Trust v. SandRidge Energy, Inc.*, Case No. CIV-15-634-G (W.D. Okla.) ("*Lanier Trust*"):

(1) As to the documents sought from Merrill Lynch and RBC, the Court DENIES the Motion to Compel Compliance with Subpoenas and GRANTS in part the Cross-Motion

for Entry of Protective Order. The Court DENIES the latter motion insofar as Merrill Lynch and RBC's request for attorney fees and costs.

(2) As to the documents sought from Morgan Stanley and Raymond James, the Court GRANTS the Motion to Compel Compliance with Subpoenas and DENIES the Cross-Motion for Entry of Protective Order.

(3) The Court FINDS that Morgan Stanley's and Raymond James' compliance with the subpoenas duces tecum served in *Lanier Trust*, *see* Declaration of Jonathan Horne Ex. 7 (Doc. No. 3-7); *id*. Ex. 9 (Doc. 3-9), is not contingent on the Court's ruling on the Motion for Partial Judgment on the Pleadings pending in that action, and DIRECTS Lead Plaintiffs, Morgan Stanley, and Raymond James to confer and agree on a date upon which document production should begin.

(4) In light of Morgan Stanley's and Raymond James' status as recipients of Rule 45 subpoenas, and the likelihood that many of the requested documents will be duplicates of documents produced by Defendants in *Lanier Trust*, the Court further ORDERS that Lead Plaintiffs' counsel in *Lanier Trust* shall bear 100% of the costs incurred by Morgan Stanley and Raymond James in "processing and producing" the requested documents, *see* Declaration of Andrew R. Escobar (Doc. No. 22) at ¶ 9, but Morgan Stanley and Raymond James shall remain responsible for any expenses they incur in "review[ing]" documents for the purpose of responding to this Order, *see id.* at ¶ 10.

IT IS SO ORDERED this 4th day of February, 2019.

_____
CHARLES B. GOODWIN
United States District Judge